[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO TRANSFER TO COMPLEX LITIGATION DOCKET
An objection to a transfer to the Complex Litigation Docket is not the sort of issue which justifies a written memorandum of decision, as a rule. The objection to the transfer in this case, however, is based on serious allegations that the "integrity of the process" has been compromised to the degree that it is no longer appropriate for the Complex Litigation Docket to hear the case.
Faced with these allegations, the court heard evidence on May 10, 2001, at which time counsel for plaintiff both testified herself and called opposing counsel to put forward the details of an alleged ex parte conversation between counsel for the defendant utility and the Chief Administrative Judge (Civil).
The usual procedure for Complex Litigation judges hearing objections is to hear them without actually having possession of the file. In this case plaintiff's counsel did not follow the directions of the notice announcing the transfer of the case to the Complex Litigation Docket, which notice clearly states that objections must be filed, within 20 days, at the Complex Litigation Docket in Norwich. Plaintiff's counsel filed her objection in Hartford, not in Norwich, and after the 20 day period had expired. Therefore the 20 day period went by without this court receiving any objection. At that point the usual procedure, which was followed in this case, is to request the file from the transferring clerk's office and it was only upon arrival of the file in Norwich that the court officer for the Complex Litigation Docket discovered that there was CT Page 8213 indeed objection to the transfer in the file, although it was filed in the wrong location and, as noted above, beyond the prescribed 20 day period. Nonetheless the court will deal with the merits of the motion.
The factual background is as follows. Plaintiff has initiated a lawsuit to prevent the sale of Northeast Utilities facilides at Millstone to Dominion Power Company. A show cause order was obtained by plaintiff for a hearing on a request for a temporary injunction to stop the "closing" of this sale, scheduled for April 1, 2001. The show cause hearing was scheduled for Monday, March 19, 2001, a day usually reserved statewide for short calendar motions. At the 9:30 call of the calendar plaintiff's counsel had not arrived, nor had anyone received a message as to the reasons for her absence. The short calendar judge, when the case was called, was advised that plaintiff's counsel was not present and the matter was marked off without prejudice by the short calendar judge. Plaintiff's counsel arrived late, but while the utility attorneys were still in court and so the short calendar judge was advised that the matter was ready to go forward. Apparently the matter was going to take at least a day of evidence, and of course that could not be accomplished on a short calendar day. The parties were directed, in accordance with the ordinary practice in Hartford and in many judicial districts, to report to the case flow office to find out what available dates there were for scheduling this hearing on the temporary injunction, which obviously was time sensitive, since it sought to stop something scheduled for April 1st. Counsel for the defendant Commissioner of Environmental Protection had left the courthouse after the matter was marked off and calls were made to attempt to have the Assistant Attorney General return to the courthouse so that everyone's schedule could be reviewed in finding a hearing date. While waiting for the Assistant Attorney General to arrive, counsel for the defendant utilities went to inquire of the judges' secretary as to the status of an earlier filed application for transfer to the Complex Litigation Docket. The specific whereabouts of plaintiff's counsel was not known to counsel for the utilities at this time, and it made very good sense to find out what the status of that application for transfer to the Complex Litigation Docket was, since if the application had already been acted upon, the scheduling issues would be with the Complex Litigation Docket, and not with Case Flow in the Hartford Judicial District. The judges' secretary called the Chief Administrative Judge (Civil), whose office was at the end of the building on the same floor as the judges' secretary's office, and reported that lawyers were there seeking to find out the status of an application for transfer to Complex Litigation. The judges' secretary was directed to send the lawyers down to the office of the Chief Administrative Judge (Civil) and they went directly there. Upon arrival counsel for the defendant utilities reported that they did not have all the lawyers present and the Chief Administrative Judge said that that was not a CT Page 8214 problem because there would be no substantive discussions. That judge advised counsel that the application was in a pile of applications and would be processed in the ordinary course of business. The Chief Administrative Judge further advised that that meant that the application would certainly be acted upon prior to the following Monday. With that information the counsel for the defendant utilities went back to Case Flow and, when they found plaintiff's counsel there, reported what they had just learned about the Complex Litigation Docket transfer request. That, in its entirety, is the factual predicate for plaintiff's counsel's claims that the integrity of the judicial system has been drawn into question.
The preceding facts are found by the court to have been what occurred. It is the opinion of the court that that conduct is obviously well within the exception[1] for ex parte communications for scheduling or administrative purposes. There was no possibility of a procedural or tactical advantage and all parties were notified within minutes of the communication.
The plaintiff also claims that her objection to the Complex Litigation Docket should be sustained because the short calendar judge had already commenced a hearing on the motion to dismiss. That, the court finds, is not the case.
The defendants filed motions to dismiss on March 19, 2001 and March 21, 2001, and a footnote in the short calendar judge's decision on the temporary injunction (denying said injunction) leads plaintiff's counsel to conclude that there was already a hearing in progress on the motion to dismiss.
What actually transpired, the court finds, is as follows. The parties had obtained a date of Tuesday, March 27th for the temporary injunction to be heard. Meanwhile the Chief Administrative Judge (Civil) granted the application for transfer to the Complex Litigation Docket and assigned the case to the Complex Litigation Docket in Norwich. This court recalls some conversations with Hartford having to do with the availability of time that Norwich Complex Litigation Docket for a temporary injunction hearing. All of this was in the ordinary course of business since there was an obvious need for a hearing to be had and completed, together with decision, prior to April 1st (the shortness of the time frame, caused, presumably, by plaintiff's inability to start the action sooner for what the court assumes are good reasons). The single judge on the Norwich Complex Litigation Docket was engaged full time in a jury trial which was not going to conclude before April 1st and therefore was unable to accommodate the temporary injunction hearing. Before that fact was ascertained by Hartford, the Hartford Clerk's Office advised the parties CT Page 8215 that the March 27th hearing date had been canceled and would be rescheduled with the Complex Litigation Docket in Norwich. When plaintiff's counsel contacted the Complex Litigation Docket in Norwich and discovered that a hearing could not be scheduled before April 1st she became convinced that she was being deprived of her temporary injunction hearing because of the actions of the utilities counsel in communicating with Judge Langenbach on March 19th. This concern was communicated by plaintiff's counsel to her clients and, according to Attorney Burton, her clients were (understandably, the court notes) upset. The truth, however, is that once it was realized that the Norwich Complex Litigation Docket could not accommodate the temporary injunction hearing within the required short time frame, the hearing date of March 27th was reinstated and the original short calendar judge who had called the case on March 19th heard the temporary injunction on the 27th and 28th
of March.
During closing arguments on the temporary injunction on Wednesday March 28, 2001, the judge hearing the temporary injunction became aware for the first time that there were motions to dismiss in the file. Recognizing that a motion to dismiss should usually be handled prior to any other proceedings in the file, if the motion to dismiss attacks the subject matter jurisdiction of the court, that judge, in a footnote in his memorandum of decision denying the temporary injunction, established a briefing schedule for the motion to dismiss. That does not constitute, this court finds, the commencement of a proceeding on the motion to dismiss. Indeed, the only other alternative was for the judge hearing the temporary injunction to stop the hearing on the temporary injunction, wait until briefs were filed on the motions to dismiss and then proceed to hear the motion to dismiss, by which time the temporary injunction would have been mooted by passage of time. This, the judge hearing the temporary injunction wisely, in this court's opinion, declined to do, and thereby preserved plaintiff's rights to a timely hearing on her request for temporary injunction.
It is indeed regrettable that plaintiff's counsel chose to interpret innocent efforts by the judicial branch and its employees to accommodate a last minute attempt to obtain a temporary injunction as evidence of impropriety. The court finds that no impropriety existed. The court finds that no hearing has commenced on the motion to dismiss filed by the several defendants. The court overrules the objection to the transfer to the Complex Litigation Docket. A hearing will be held on defendants' motions to dismiss on July 18, 2001 at 2:00.
Koletsky, J.